GALE-OPPENHEIMER, Plaintiff, *v.* TIENEY COHEN et al., Defendants.

Supreme Court, Special Term, Queens County, March 14, 1955.

*I. J. Ginsberg* for defendants.
*Friedman, Glick & Wachtel* for plaintiff.

CORTLAND A. JOHNSON, J. The defendants move to suppress and prohibit the use in this action of some recordings of telephone conversations between one of the partner-plaintiffs and one of the defendants and his attorney.

For the purpose of determining this motion, the court assumes that it is established that the conversations were recorded without defendant's or his attorney's knowledge, before the action was commenced, as a result of the use by plaintiff of a recording device attached to the telephone in plaintiff's office without the knowledge of the telephone company and in contravention of its rules, and the regulations of the Public Service Commission of the State of New York.

The court feels that the motion must be denied. No reported case goes to the extent of holding that one party to a telephone conversation may not record it and thereafter use it in support of his contentions in litigation to which he is a party involving the subject of the conversation. It is by no means clear that section 605 of the Federal Communications Act (U. S. Code, tit. 47) would prohibit such a use. The case most nearly in point, *United States* v. *Stephenson* (121 F. Supp. 274), was not a civil action but a Federal prosecution. In this, as in all other cases called to the court's attention, the use of the intercepted conversation was sought to be made by someone not a party to it.

It will not be argued, the court assumes, that a party to a telephone conversation may not testify to it, or refer to notes made during the conversation to refresh recollection of it; recording the conversation is but a means of supporting recollection.

Of course, other objections to the recordings may develop at the trial; but the court will not now order their suppression.

Submit order.